IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LaSHAWN RUSHING, #18360-021                                             PETITIONER

VERSUS                                         CIVIL ACTION NO. 3:16-cv-957-HTW-LRA

WARDEN L. SHULTS, et al.                                                RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner LaShawn Rushing, an inmate at the FCC Yazoo City Low, Yazoo City, Mississippi, files this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Having liberally construed the Petition [1] and Petitioner's Memorandum Brief in Support [2] and in consideration of the applicable law, the Court finds that this case should be dismissed.

Petitioner's current incarceration is based on a conviction rendered by the United States District Court for the Southern District of Georgia.  Pet. [1] at 1.  Petitioner was sentenced to serve 235 months of imprisonment followed by five years of supervised release.  Pet'r's Memo. [2] at 2.  Petitioner states that he has a Motion filed pursuant to 28 U.S.C. § 2255 currently pending before the United States District Court for the Southern District of Georgia in *United States v. Rushing*, No. 3:13-cr-7.  Pet. [1] at 4.

Petitioner states that he "is actually innocent of being a career offender and was convicted and sentenced to a nonexistent offense in light of *Hinkle*."[1]  Pet'r's Memo. [2] at 3-4.  Petitioner argues that his

> prior convictions for possession of marijuana with intent to distribute and 'sale of cocaine,' in violation of Georgia Law O.C.G.A § 16-13-30 does NOT constitute a 'controlled substance offense' in light of *Hinkle* and could not serve as a predicate for career offender sentencing under USSG § 4b1.1 as the Georgia State statute is 'NOT' divisible."

---

[1] Petitioner bases his argument on the case of *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  *See* Pet'r's Memo. [2] at 2.

*Id*. at 3. According to Petitioner he has asserted in his pending Motion pursuant to 28 U.S.C. § 2255 in the sentencing court as a ground for relief that his counsel was ineffective for failing to contest the career offender application under *Johnson v. United States*.[2] *Id.* at 3. Petitioner requests that this Court remand "him for resentencing without the Career Offender Division as he is actually innocent and is entitled to immediate release from custody." *Id*. at 11.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). On the other hand, Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for attacking errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). As noted by the United States Court of Appeals for the Fifth Circuit, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Pack*, 218 F.3d at 452 (brackets in original) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner's claims do not challenge the execution of his sentence but instead attack the validity of his sentence. As such, his claims are not properly asserted under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452 (citing *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997)). There is, however, an exception to this general rule. A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the

---

[2] A review of the court record of *United States v. Rushing*, No. 3:13-cr-7-DHB-BKE ( S.D. Ga. July 29, 2014), *via* PACER, confirms that Petitioner's Motion to Vacate [144] filed January 25, 2016, is presently pending before that Court.

courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Because Petitioner has a pending Motion filed pursuant to 28 U.S.C. § 2255 before the sentencing Court in *United States v. Rushing*, No. 3:13-cr-7-DHB-BKE (S.D. Ga. July 29, 2014), the Court finds that Petitioner has not established the inadequacy or ineffectiveness of such a motion. Petitioner therefore does not meet the savings clause of § 2255 and the Court does not have jurisdiction to address the issues presented by Petitioner. Under the circumstances of the instant civil action, this Petition will be dismissed.

Based on the foregoing, since this Petition challenges the validity of Petitioner's sentence and his claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241. Accordingly, this Petition for habeas relief shall be dismissed as frivolous. *See Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion, it is dismissed for lack of jurisdiction. *Pack*, 218 F. 3d at 454.

A Final Judgment in accordance with this Memorandum Opinion and Order shall be issued.

SO ORDERED, this the 5th day of March, 2017.

                                      s/ HENRY T. WINGATE
                                      UNITED STATES DISTRICT JUDGE